DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LANTOR, INC., Plaintiff, v. NICASSIO CORPORATION d/b/a NICASSIO GROUP, Defendant. | CIV. AC. NO. CA 06 46S |

## COMPLAINT

Plaintiff Lantor, Inc. brings this action to recover for Defendant Nicassio Corporation d/b/a Nicassio Group's failure to make payment in the amount of $239,160 for goods sold to it by Lantor, Inc. through its division Novapipe™.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Lantor, Inc. ("Lantor") is a corporation duly formed and existing under the laws of the State of Delaware. Lantor's principal place of business is located in the Commonwealth of Massachusetts. Novapipe™ is a division of Lantor, with a principal place of business in North Smithfield, Rhode Island.

2. On information and belief, Defendant Nicassio Corporation d/b/a Nicassio Group ("Nicassio") is a corporation duly formed and existing under the laws of Pennsylvania, with a principal place of business located in Pennsylvania.

3. This Court has subject matter jurisdiction over Lantor's claims pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different States and the amount in controversy exceeds $75,000 exclusive of interest costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) as, *inter alia*, Nicassio is subject to the Court's jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

5. Among other products, Novapipe™ manufactures cured in place pipe ("CIPP") liners.

6. On information and belief, among other services, Nicassio employs CIPP technology as a proven, cost effective trenchless pipeline repair system.

7. From April 20, 2005 through June 13, 2005, Nicassio ordered materials from Novapipe™, and Novapipe™ agreed to provide the materials to Nicassio. These orders are reflected in seven separate invoices (the "Invoices").

8. Nicassio requested that the materials be shipped F.O.B. North Smithfield, Rhode Island to its CIPP plaint in Sanford, Florida. Payment terms of the Invoices were net 60 days.

9. Novapipe™ shipped all materials as ordered, and Nicassio accepted delivery of all said materials.

10. As of the date hereof, $239,160.00 is due and owing for those materials, and Nicassio has failed to make payment of the same.

## COUNT I
[Breach of Contract]

11. Lantor restates and realleges the allegations set forth in Paragraphs 1 – 10 as if set forth fully herein.

12. Nicassio and Lantor, through its division Novapipe™, entered into an enforceable contract to provide to Nicassio the materials reflected in the Invoices, and for Nicassio to pay for the same.

13. Lantor, through Novapipe™, has performed all of its obligations under the contract.

14. Nicassio has breached its payment obligations under the contract.

15. As a result of Nicassio's breaches, Lantor has been damaged in an amount to be determined at trial, which amount is at least $239,160.

COUNT II
[Unjust Enrichment]

16. Lantor restates and realleges the allegations set forth in Paragraphs 1 – 15 as if set forth fully herein.

17. Nicassio has retained materials sold to it by Lantor, and has not paid for the same.

18. Nicassio has been unjustly enriched to Lantor's detriment in an amount to be determined at trial, which amount is at least $239,160.

COUNT III
[Claim For Attorneys Fees]

19. Lantor restates and realleges the allegations set forth in Paragraphs 1 – 18 as if set forth fully herein.

20. There is no justifiable issue of law or fact between the parties justifying Nicassio's non-payment of the outstanding account.

21. Lantor is therefore entitled to its attorney fees pursuant to Rhode Island General Laws 9-1-45.

WHEREFORE, the Plaintiff Lantor, Inc. prays for the entry of the following relief:

A. That this Court enter judgment in favor of Lantor, Inc. and against Nicassio Corporation, in an amount to be determined at trial but which is at least $239,160, plus

prejudgment interest thereon from the date of breach and attorneys fees pursuant to Rhode Island General Laws 9-1-45; and

B. That this Court enter such other and further relief as it may believe is just and appropriate in the circumstances.

Respectfully submitted,

LANTOR, INC.

By its attorneys,

Heath S. Comley (No. 3932)
One Ship Street
Providence, RI 02903
Tel: (401) 331- 5505
Fax: (401) 331-6110

Dated: January 31, 2006

Of Counsel:

Lawrence M. Kraus
FOLEY & LARDNER, LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000