UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LANTOR, INC., Plaintiff, | : | |
| v. | : | CA 06-46 S |
| NICASSIO CORPORATION d/b/a NICASSIO GROUP, Defendant. | : | |

**ORDER**
**FOR SUPPLEMENTATION**

Before the court is Plaintiff's Motion for Entry of Judgment by Default (Document ("Doc.") #12) ("Motion"). The Court has concluded that the record does not contain sufficient information to enable the Court to complete the required analysis regarding personal jurisdiction.[1] Specifically, additional information is required about the following matters:

**1. The parties' prior negotiations and contemplated future**

---

[1] See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001)("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.")(quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986))(alteration in original); In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999)(same); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997)(same); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)("To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decision.'")(quoting United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999)); cf. Hugel v. McNell, 886 F.2d 1, 3 n.3 (1st Cir. 1989)("[W]here the court rendering the default judgment is shown to lack personal jurisdiction over the defendant, ... the judgment may be vacated and set aside by the rendering court on motion, or by another court on collateral attack.")(quoting 6 Moore's Federal Practice para. 55.09)(second alteration in original).

**consequences and actual course of dealing.**[2] Plaintiff is directed to submit an affidavit which explains the circumstances surrounding the entry into an allegedly enforceable contract by Plaintiff and Defendant. See Complaint (Doc. #1) ¶ 12. The affidavit should address the parties' prior negotiations (including when and how Plaintiff first came to have contact with Defendant) and contemplated future consequences, as well as the parties' actual course of dealing (including the nature and number of contacts between Plaintiff and Defendant).

**2. Relatedness, purposeful availment, and reasonableness.**[3] Plaintiff is directed to submit a memorandum which addresses how the requirements of relatedness, purposeful availment, and reasonableness are satisfied in the instant action.[4] The court

---

[2] See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002)("In a contract case, we evaluate the parties' 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealing' to determine whether the defendants purposefully established minimum contacts.")(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

[3] See id. at 60 ("For specific jurisdiction, this circuit divides constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness ...."); see also Sawtelle v. Farrell, 70 F.3d 1381, 1388-89 (1st Cir. 1995)(describing three part analysis) (quoting United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992)).

[4] In requesting a memorandum from Plaintiff which addresses these three categories, the court assumes that Plaintiff does not contend that general jurisdiction exists. If Plaintiff contends that general jurisdiction exists, Plaintiff should submit a memorandum citing facts in the record supporting this position. See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)("General jurisdiction exists when the litigation is not directly found on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state."); Donatelli v. Nat'l Hockey League, 893 F.2d 459, 463 (1st Cir. 1990)(stating that the standard for general jurisdiction is considerably more stringent than the standard for specific jurisdiction).

is particularly concerned about the requirement of relatedness. See Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995) ("[T]he claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.").

Accordingly, Plaintiff shall supplement the record by filing the requested affidavit and memorandum by June 19, 2006.

So ordered.

ENTER:

DAVID L. MARTIN
U.S. MAGISTRATE JUDGE
May 25, 2006

BY ORDER:

Deputy Clerk