UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LANTOR, INC., Plaintiff, v. NICASSIO CORPORATION d/b/a NICASSIO GROUP, Defendant. | ) | CIV. AC. NO. 1:06 CV 46 S |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RHODE ISLAND'S EXERCISE OF PERSONAL JURISDICTION OVER NICASSIO**

**Introduction**

Pursuant to this Court's order dated May 25, 2006, Plaintiff Lantor, Inc. ("Lantor") hereby submits this Memorandum of Law establishing this Court's personal jurisdiction over Defendant Nicassio Corporation d/b/a Nicassio Group, ("Nicassio") which was defaulted for failure to appear and defend. Based on the showing made herein, Lantor respectfully requests that the Court enter a default judgment against Nicassio in the amount of $239,160 as requested in Lantor's Complaint.

The Rhode Island long-arm statute permits the State to exercise jurisdiction over out-of-state defendants to the full extent permitted by the Due Process Clause of the U.S. Constitution. R.I. Gen. Laws § 9-5-33 (1956). Rhode Island Hosp. Trust Nat'l Bank v. San Gabriel Hydroelectric Partnership, 667 F.Supp. 66 (D.R.I. 1987). The test for whether a state can assert personal jurisdiction over an out-of-state defendant within the limits of the Due Process Clause centers on "whether the defendant purposefully established 'minimum contacts' in the forum state." Burger King Corporation v. Rudzewicz, 471 U.S. 462, 474 (1985) quoting International

Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The First Circuit Court of Appeals uses a three-prong test to determine whether an out-of-state defendant's contacts with the forum state are sufficient to allow the forum state to exercise personal jurisdiction over that defendant: (1) whether the claim arises out of, or relates to, the defendant's contacts with the forum state; (2) whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state; and (3) whether the exercise of personal jurisdiction in the particular case would be reasonable. Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995).

Nicassio's contacts with Rhode Island easily satisfy this three prong test, and the Court may therefore properly exercise personal jurisdiction. First, Nicassio's contacts with Rhode Island are directly related to the underlying claim in this litigation. By repeated communications sent into Rhode Island, Nicassio negotiated and executed binding contracts with a division of Lantor, Novapipe™, which is located in Rhode Island. Lantor's central claim in this litigation is that Nicassio subsequently breached these contracts. Second, Nicassio purposefully availed itself of the forum state by voluntarily entering into multiple contracts with Rhode Island-based Novapipe™ over the past four years, and based on these repeated transactions, it was foreseeable that Nicassio could be haled into court in Rhode Island if Nicassio failed to make payment on the goods it ordered and received from Novapipe™. Third, it is reasonable for this Court to exercise jurisdiction over Nicassio because any burden Nicassio faced in defending a claim in Rhode Island is outweighed by Lantor's interest in obtaining relief in its chosen convenient forum, Rhode Island's interest in adjudicating this dispute, this Court's interest in judicial economy, and the common interest of all sovereigns in promoting good faith behavior among contracting parties.

**Factual Background**

Lantor is a corporation duly formed and existing under the laws of the State of Delaware with a principal place of business located in Massachusetts. See Affidavit of Joseph S. Roth , ¶ 2. Lantor is a worldwide technical textile manufacturer. Id. In 1998, Lantor formed its Novapipe™ division. Id. Novapipe™ manufactures, among other products, cured in place pipe ("CIPP") liners. Id.

For the first few years of its operations, Novapipe™ was located in Massachusetts. Id. at ¶ 3. In December 2001, Novapipe™ relocated its operations to 1 Tupperware Drive, Suite 4, North Smithfield, Rhode Island. Id. Novapipe™ has conducted all of its business from this Rhode Island address since December 2001. Id. In this regard, all of the manufacturing facilities and administrative offices of Novapipe™, and its employees, have been located in Rhode Island since 2001. Id.

Nicassio was a customer of Novapipe™ from 1998 until mid-2005. Id. at ¶ 4. Nicassio is located in Pittsburgh, Pennsylvania. Id. From 1998 until mid-2005, Nicassio used CIPP technology in its business. Id.

In December 2001, Novapipe™ informed all of its customers, including Nicassio, that the operations of Novapipe™ were being moved to Rhode Island. Id. After Novapipe™ moved its operations from Massachusetts to Rhode Island, Nicassio conducted business with Novapipe™ by communicating with Novapipe™ in Rhode Island. Id. at ¶¶ 5-6. From 2001 through 2005, Nicassio had substantial, on-going contacts with Novapipe™ in Rhode Island, including, *inter alia*, communications regarding product specifications, purchase orders, payments, correspondence, and phone calls. Id. at ¶¶ 5-6.

The claims in this action involve a series of seven different orders that Nicassio placed with Novapipe™ beginning on April 20, 2005, and ending on June 13, 2005, by which Nicassio ordered certain CIPP liners from Novapipe™. Id. at 7. Nicassio placed all of these orders by sending purchase orders to Novapipe™ in Rhode Island. Id. With regard to these orders, Nicassio specifically requested that the materials be shipped F.O.B. North Smithfield, Rhode Island to a plant in Sanford, Florida. Id. Novapipe™ shipped all materials as ordered, from Rhode Island, and Nicassio accepted delivery of all said materials. Id. Novapipe™ then sent invoices from its offices in Rhode Island to Nicassio. Id.. Nicassio owes Novapipe™ $239,160.00 for the materials that it ordered from April 20 to June 13, 2005. Id. Despite demand, Nicassio has failed to pay for these materials. Id.

## ARGUMENT

### I. This Court May Exercise Personal Jurisdiction Over Nicassio Corporation Because The Claims Arises Out Of And Relate To Nicassio's Rhode Island Activities

In order for a court to have jurisdiction over an out-of-state defendant, the "claim underlying the litigation must directly arise out of, or relate to, the defendant's forum state activities." United Electrical, Radio, and Machine Workers of America v. 163 Pleasant Street Corporation, 960 F.2d 1080, 1089 (1st Cir. 1992). In particular, "the action must directly arise out of the specific contacts between the defendant and the forum states." Sawtelle v. Farrell, 70 F. 3d 1381, 1389 (1st Cir. 1995). For the purposes of the relatedness test, communication or transmission of information through "telephone or mail is unquestionably a contact." Id. For a breach of contract claim, defendant's activities "relate to" the forum state if "the business transacted was instrumental in the formation of the contract." See Hahn v. Vermont Law School, 698 F.2d 48, 51 (1st Cir. 1983).

Here, the breach of contract claim at the center of this litigation arose out of Nicassio's interstate communications with Rhode Island-based Novapipe™. In particular, between April and June 2005, Nicassio, by a series of purchase orders sent from Pittsburgh to Rhode Island, ordered $239,160.00 of materials from Novapipe™ in Rhode Island. Lantor claims that Nicassio failed to make payment for the materials it ordered and received from Rhode Island based Novapipe™, in direct breach of the contract between the parties. Because the breach of contract claim relates directly to Nicassio's contacts with the forum state, it is appropriate for Rhode Island to assert personal jurisdiction over Nicassio.

## II. <u>This Court May Exercise Personal Jurisdiction Over Nicassio Because Nicassio Purposefully Availed Itself Of The Privileges Of Conducting Business In Rhode Island</u>

Personal jurisdiction is appropriate because Nicassio purposefully directed repeated and sizeable business activity into Rhode Island, and Nicassio therefore should have reasonably foreseen being haled into court in Rhode Island due to its business dealings with Novapipe™. Purposeful availment may be found when the defendant initiated contact with the in-state plaintiff, see Burger King, 471 U.S. at 475, or the parties had recurrent business transactions or negotiations and the business activity involved a sizeable impact on the forum state's economy. See Mimco Incorporated v. Virginia Iron & Metal Recycling, Inc., 840 F.Supp. 1171, 1174 (S.D. Ohio 1993) (finding purposeful availment when parties negotiated several deals "worth hundreds of thousands of dollars"), compare Buske Lines, Inc. v. Thermo King Michigan, Inc., 960 F.Supp. 170 (C.D. Ill. 1997) (refusing to exercise personal jurisdiction based on one business transaction between the parties, initiated by in-state plaintiff) Telephone and mail communications can be sufficient for establishing purposeful availment. See Burger King, 471 U.S. at 476 (noting that "jurisdiction in these circumstances may not be avoided merely because

the defendant did not *physically* enter the forum State"); Etienne v. Wolverine Tube, Inc., 12 F.Supp.2d 1173 (D. Kan. 1998) (finding purposeful availment when out-of-state defendant conducted negotiations over the telephone and executed employment contract with plaintiff by mail).

Here, Lantor and Nicassio had recurring business transactions between Rhode Island and Pennsylvania over the course of four years. Between December 2001 and June 2005, Nicassio had substantial, on-going contacts with Novapipe™, including on-going communications regarding product specifications, purchase orders, payments, correspondence, and phone calls. All of Nicassio's communications with Lantor during this time period were directed to Rhode Island-based Novapipe™.

In the breach of contract at the heart of this litigation, Nicassio ordered pipeline materials from Novapipe™ in Rhode Island on seven separate occasions. Nicassio requested that Novapipe™ ship the materials from its Rhode Island-based operations to a location of Nicassio's choice in Florida. Novapipe™, acting out of Rhode Island, shipped the materials, which were received by Nicassio in Florida. Nicassio failed to make payment for these materials, and currently owes Lantor $239,160.00.

The recurrent business dealings between the parties from 2001 to 2005, the communications between the parties, and the fact that Nicassio directed its business activities into Rhode Island by ordering the materials at the center of this dispute indicate that Nicassio purposefully availed itself of the forum State and could reasonably have foreseen being haled into Rhode Island to defend an action arising out of its business dealings with Lantor.

## III. <u>This Court's Exercise Of Personal Jurisdiction Over Nicassio Is Reasonable</u>

The reasonableness of asserting jurisdiction over an out-of-state defendant depends on a balancing of five considerations: (1) the burden on the defendant of appearing in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in effective resolution; and (5) the common interests of all sovereigns in promoting substantive social policies. Sawtelle, 70 F. 3d at 1394 (citing Burger King, 471 U.S. at 477).

This Court's assertion of personal jurisdiction over Nicassio is reasonable under these five considerations. First, it is not an unreasonable burden for a Pennsylvania corporation conducting frequent out-of-state transactions worth hundreds of thousands of dollars to answer the Complaint and retain Rhode Island counsel to appear before this Court. Second, Rhode Island has a significant interest in providing its in-state companies a forum to adjudicate contract disputes involving out-of-state businesses. Third, courts give deference to the plaintiff's choice of forum, and in this case Lantor has chosen to adjudicate this dispute in Rhode Island where Novapipe™ is based and where the bulk of witnesses and evidence are located. Fourth, it is in the interests of judicial economy to resolve this dispute in Rhode Island in light of the fact that the events at issue occurred here and the evidence is located here. Finally, all states, including Rhode Island, have an interest in providing effective relief for companies when contracting partners fail to make payment for goods and services provided.

Because the five factor test favors adjudicating this breach of contract dispute in Rhode Island, it is reasonable for Rhode Island courts to assert jurisdiction over Nicassio.

## Conclusion

For all the reasons set forth above, this Court may exercise personal jurisdiction over Nicassio.

Dated:

Plaintiff by its attorney,

Heath S. Comley, Esq. #3932
One Ship Street
Providence, RI 02903
Tel:(401) 331-5505
Fax:(401) 331-6110

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LANTOR, INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIV. AC. NO. 1:06 CV 46 S |
| NICASSIO CORPORATION d/b/a NICASSIO GROUP, | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF JOSEPH S. ROTH**

I, Joseph S. Roth, depose and state as follows:

1. Since January 15, 2001, I have been the Chief Financial Officer of Lantor, Inc. As such, I am familiar with Lantor's operations and its dealings with its customers. To prepare this affidavit, I reviewed Lantor's files concerning its course of dealings with the Defendant, Nicassio Corporation d/b/a Nicassio Group. I make this affidavit based upon my personal knowledge and my review of Lantor's business records.

2. Lantor is a Delaware corporation with a principal place of business located at 221 East Main Street, Milford, Massachusetts. Lantor is a worldwide technical textile manufacturer. In 1998, Lantor formed its Novapipe™ division. Novapipe™ manufactures, among other products, cured in place pipe ("CIPP") liners.

3. For its first few years of operation, Novapipe™ was located in Massachusetts. In December 2001, Novapipe™ relocated to 1 Tupperware Drive, Suite 4, North Smithfield, Rhode Island. Novapipe™ has conducted all of its business from this Rhode Island address since

December 2001. In this regard, all of the manufacturing facilities and administrative offices of Novapipe™, and its employees, have been located in Rhode Island since December 2001.

4. Nicassio began doing business with Novapipe™ in 2002, after Novapipe™ moved its operations to Rhode Island. Nicassio is located in Pittsburgh, Pennsylvania.

5. Since 2002, Nicassio placed orders for materials from Novapipe™ in the amount of $819,695. When placing these orders, Nicassio communicated with Novapipe™ in Rhode Island. Such communications included purchase orders, order specifications, telephone calls, correspondence, and payments for orders. In turn, Novapipe™ communicated with Nicassio from Rhode Island. For example, Novapipe™ would send invoices to Nicassio from Rhode Island.

6. Examples of written communications between Novapipe™ in Rhode Island and Nicassio are attached hereto as Exhibit A. These communications include (1) a February 14, 2003, letter from Nicassio Corporation to Novapipe™ in Rhode Island regarding specifications for one of Nicassio's orders from Novapipe™; (2) a March 6, 2003, fax cover sheet from Nicassio to John Williamson of Novapipe™ in Rhode Island; and (3) an April 13, 2005, fax from Nicassio in Pittsburgh to Novapipe™ in Rhode Island.

7. The claims in this action involve a series of seven different orders that Nicassio placed with Novapipe™ beginning on April 20, 2005, and ending on June 13, 2005, by which Nicassio ordered certain CIPP materials from Novapipe™. Nicassio placed all of these orders by sending purchase orders to Novapipe™ in Rhode Island. One of these purchase orders, dated June 8, 2005, is attached hereto as Exhibit B. With regard to these orders, Nicassio specifically requested that the materials be shipped F.O.B. North Smithfield, Rhode Island to Sanford, Florida. Novapipe™ shipped all materials as ordered, and Nicassio accepted delivery of all said

materials. Novapipe™ then sent invoices from its offices in Rhode Island to Nicassio. A copy of one of these invoices is attached hereto as Exhibit C. Nicassio owes Novapipe™ $239,160.00 for the materials that it ordered from April 20 to June 13, 2005. Despite demand, Nicassio has failed to pay for these materials.

Signed under the penalties of perjury on July 20, 2006.

Joseph S. Roth
Chief Financial Officer, Lantor, Inc.



BOST_208629.2