UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LANTOR, INC.,<br>Plaintiff, | : | |
| v. | : | CA 06-46 S |
| NICASSIO CORPORATION d/b/a<br>NICASSIO GROUP,<br>Defendant. | : | |

**ORDER**
**FOR**
**FURTHER SUPPLEMENTATION**

The Court has under advisement in the above entitled matter two motions by Plaintiff for entry of judgment by default pursuant to Fed. R. Civ. P. 55(b)(1). The motions are: Motion for Entry of Judgment by Default (Document ("Doc.") #12) ("Motion for Default Judgment") and Application to Court for Entry of Judgment by Default (Doc. #18) ("Application for Default Judgment") (collectively the "Motions"). In the process of writing a Report and Recommendation regarding the Motions, the Court has concluded that the record needs to be further supplemented regarding: 1) service of process on Defendant, 2) computation of the amount of the judgment, and 3) identification of costs. The reasons for this conclusion are explained below.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996); see also Griffin v. Foti, No. Civ.A. 03-1274, 2003 WL 22836493, at *1 (E.D. La. Nov. 24, 2003)(holding that entry of default judgment against defendant who has never been served is not appropriate); Perafan-Homen v. Hasty, No. 00 Civ. 3883(RWS), 2000 WL 1425048, at *1-2 (S.D.N.Y. Sept. 26, 2000)(denying motion

for default judgment because only proper defendant was never served); Fed. R. Civ. P. 55(a) (providing for entry of default where party "fail[s] to plead or otherwise defend as provided by these rules ..."); Fed. R. Civ. P. 12(a)(1)(A) (requiring defendant to serve answer "within 20 days *after being served with the summons and complaint* ...")(italics added). "Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (3d ed. 1998)(footnote omitted).

Fed. R. Civ. P. 4(h) governs service of process upon corporations. It provides, in relevant part, that service upon a corporation (from which a waiver of service has not been obtained and filed) shall be effected:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant ....

Fed. R. Civ. P. 4(h)(1). Alternatively, service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State ...." Fed. R. Civ. P. 4(e)(1) (to which Fed. R. Civ. P. 4(h)(1) refers). Rhode Island Superior Court Rule of Civil Procedure 4(f) provides in relevant part:

> (f) Service Outside State Within the United States; Personal Jurisdiction. **When** an individual or **a foreign corporation is subject to the jurisdiction of the courts**

**of the state,**[1] service of process may be made outside the state as follows:

....

> (2) Upon a foreign corporation by delivery of a copy of the summons and complaint by any disinterested person to the president, secretary, or treasurer of such corporation or to any agent or attorney for service of process designated by the corporation in the state of incorporation, or by mailing a copy of the summons and complaint to any such officer or agent or to the corporation at its business address designated in the state of incorporation by registered or certified mail, return receipt requested, or by any other method ordered by the court to give such corporation notice of the action and sufficient time to prepare any defense thereto.

R.I. Super. Ct. R. Civ. P. 4(f) (bold added).

Pennsylvania Rule of Civil Procedure 424 provides that:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424.

---

[1] The Court is satisfied based on the Affidavit of Joseph S. Roth (Doc. #19) ("Roth Aff.") and Plaintiff's Memorandum of Law in Support of Rhode Island's Exercise of Personal Jurisdiction over Nicassio (Doc. #17) that Defendant is subject to the Court's jurisdiction, provided that Defendant has been properly served with service of process.

In this case, the return of service appearing on the back of the Summons indicates that Defendant was served on February 14, 2006, at 1380 Old Freeport Road, Suite 3B, Pittsburgh, PA 15238. See Summons (Doc. #2). The return of service does not identify who at the corporation received the documents. Thus, there is no evidence in the record that service of process has been made on Defendant pursuant to either Fed. R. Civ. P. 4(h)(1), R.I. Super. Ct. R. Civ. P. 4(f), or Pa. R. Civ. P. 424. Therefore, the Court at present is unable to find that Defendant has been properly served with process. **Accordingly, Plaintiff is directed to supplement the record with evidence that Defendant has been served with process in accordance with Fed. R. Civ. P. 4(h)(1), R.I. Super. Ct. R. Civ. P. 4(f), or Pa. R. Civ. P. 424.**[2] Alternatively, Plaintiff may submit authority that the Court may find that Defendant has been properly served with process based on the evidence contained in the present record and that the Court has jurisdiction over Defendant based on the service of process which the present record reflects.

Regarding computation of the amount of the judgment, the Court is presently unable to find that Plaintiff's claim is for a sum certain. See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)("In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."); cf. HMG Prop. Investors, Inc. v. Parque Indus. Rio

---

[2] Any supplementation which is submitted to show that Defendant has been properly served pursuant to Pa. R. Civ. P. 424(2) should include evidence that the person served, at the time he or she was served, was in charge of a regular place of business or activity of Defendant. See Pa. R. Civ. P. 424(2). The Court notes that the address at which Defendant was purportedly served according to the return of service, see Summons (Doc. #2), does not match either of the addresses shown for Defendant on the exhibits attached to the Roth Aff., Exhibit ("Ex.") A (written communications from Defendant).

Canas, Inc., 847 F.3d 908, 919 (1st Cir. 1988)("It is settled that, if arriving at the judgment amount involves nothing more than arithmetic--the making of computations which may be figured from the record--a default judgment can be entered without a hearing of any kind."). The Court's difficulty is due to the following facts.

Although both Motions seek judgment in the amount of $239,160.00, plus prejudgment interest from June 14, 2005, "when the account balance became due and owing ...," Motions, the Court is unable to determine the basis for Plaintiff's request that prejudgment interest should accrue on the entire $239,160.00 from June 14, 2005. The claims in this action involve a series of seven different orders that Defendant placed with a division of Plaintiff beginning on April 20, 2005, and ending on June 13, 2005. See Affidavit of Joseph S. Roth (Doc. #19) ("Roth Aff.") ¶ 7; Complaint ¶¶ 1, 7. The June 13, 2005, invoice for $58,757.70 states "TERMS NET 60." Roth Aff., Ex. C (Invoice dated 6/13/05). This appears to mean that payment was due within sixty days of the invoice date. There is nothing in the present record which would indicate that Defendant's failure to pay within sixty days would result in interest accruing as of June 13, 2005, as opposed to sixty days thereafter. Cf. Buckley v. Brown Plastics Mach., LLC, 368 F.Supp.2d 167, 171 (D.R.I. 2005)("The point from which prejudgment interest accrues is the date from which Plaintiff's damages actually began, or put another way, from the point at which he was entitled to his money, and did not receive it ...."). There is also nothing in the present record to indicate the amounts due for the other six orders and the dates on which payment was due for each of those orders.

The Court is additionally unable to determine from the present record the basis for Plaintiff's request for prejudgment interest from June 14, 2005, at a rate of either 10%, see Motion

for Default Judgment, or 13.33%, see Application for Default Judgment. Because this case is before the Court under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, see Complaint ¶ 3, "state law must be applied in determining whether and how much pre-judgment interest should be awarded," Fratus v. Republic W. Ins. Co., 147 F.3d 25, 30 (1st Cir. 1998). Under Rhode Island law, "the appropriate rate for pre-judgment interest in a contract action is 12 percent," id. (citing R.I. Gen. Laws § 9-21-10); accord Buckley v. Brown Plastics Mach., LLC, 368 F.Supp.2d at 169 (noting agreement of parties of twelve percent per annum based on language of § 9-21-10), unless a different rate has been incorporated into the contract, see Vulcan Auto. Equip., Ltd. v. Global Marine Engine & Parts, Inc., 240 F.Supp.2d 156, 160, 163 (D.R.I. 2003)(finding 18% prejudgment interest rate applicable because each invoice expressly stated that a 1.5 percent per month service charge would be applied to overdue accounts). There is nothing in the present record to indicate that a prejudgment interest rate of other than twelve percent should be applied to the amounts owed by Defendant to Plaintiff.

**Accordingly, Plaintiff is directed to supplement the record with an affidavit or other evidence explaining: a) the amount due for each of the seven orders, b) the date payment was due for each order, c) the date from which prejudgment interest is sought for each order, d) the rate of prejudgment interest sought for each order, e) the statutory or other basis for application of such prejudgment interest rate, and f) the total amount sought for prejudgment interest as of the date the affidavit or other evidence is filed.**

Lastly, the Application for Default Judgment seeks costs of $289.96, see Application for Default Judgment, but does not identify what these costs are. **Accordingly, Plaintiff is**

**directed to supplement the record with an affidavit or other evidence itemizing the costs which it requests the Court to include in the judgment.**

The further supplementation of the record required by this Order shall be accomplished not later than December 1, 2006.[3]

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
October 27, 2006

BY ORDER:

Deputy Clerk

[3] If Plaintiff does not provide the required supplementation by December 1, 2006, the Court will issue a Report and Recommendation recommending that the Motions be denied because there is no evidence that Defendant has been properly served. Plaintiff may then file an objection to the Report and Recommendation and obtain review of this Magistrate Judge's conclusions regarding these issues.