UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LANTOR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICASSIO CORPORATION d/b/a NICASSIO GROUP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. AC. NO. 1:06 CV 46 S |

**PLAINTIFF'S MEMORANDUM OF LAW CONCERNING SERVICE OF PROCESS AND AMOUNT OF JUDGMENT**

## Introduction

Pursuant to this Court's Order for Further Supplementation dated October 27, 2006 (the "Order"), Plaintiff Lantor, Inc. ("Lantor") hereby submits this Memorandum of Law establishing (1) that Defendant Nicassio Corporation d/b/a Nicassio Group ("Nicassio") has been properly served with process in accordance with the governing law; and (2) the amount of the Judgment, including costs.

## I. Defendant Has Been Served In Accordance With The Governing Law

In the Order, the Court noted that the "return of service does not identify who at the corporation received the documents," and ordered Lantor to "supplement the record with evidence that the Defendant has been served with process in accordance with Fed. R. Civ. P. 4(h)(1), R.I. Super. Ct. R. Civ. P. 4(f), or Pa. R. Civ. P. 424." Order, at 4. As set forth herein and as established by the affidavit of Megan E. Young – the person who made service – filed herewith (hereinafter, "Young Aff."), Nicassio has been properly served.

As the Court noted in the Order, Fed. R. Civ. P. 4(e)(1) provides that "service may be effected 'pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of the general jurisdiction of the State[.]"' Order, at 2. Nicassio was served in the Commonwealth of Pennsylvania, and therefore pursuant to Pa. R. Civ. P. 424, which provides in part that service on a corporation is properly made on "(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." As set forth in the Young Aff., service was made on Mr. Edward G. Kuenzig, who was by all indications the person in charge of Nicassio's regular place of business.

Ms. Young first identified that Nicassio was no longer operating at the address stated in the Complaint. Young Aff., ¶ 4. Through investigation, however, she obtained a phone number for Nicassio. Young Aff., ¶ 5. Through numerous attempts to call the phone number, she discovered that three people were identified in the Corporation's recorded message, and that of those three, only Mr. Kuenzig was identified with a last name. Young Aff., ¶ 6. Ms. Young eventually spoke with Mr. Kuenzig, who provided her with the address for Nicassio. Young Aff., ¶ 7.

Ms. Young then proceeded to make service on Nicassio on February 14, 2006. Upon arrival at 1380 Old Freeport Road, Suite 3B, in Pittsburgh, she first identified the nameplate on the door to the suite, identifying it as Nicassio's office. Young Aff., ¶ 8. She then identified that Mr. Kuenzig was the person for the time being in charge of Nicassio, based, *inter alia*, on her

prior discussion with Mr. Kuenzig; the way he was identified on Corporation's telephone; and the fact that he worked in the only private office in the Corporation's suite. Young Aff., ¶ 9-10.[1]

The detailed Young Affidavit satisfies Lantor's burden of "show[ing] that service has been made upon a proper agent of the corporation." Hemmerich Industries, Inc. v. Moss Brown & Co., Inc., 114 F.R.D. 31, 32 (E.D.Pa. 1987) (service is not properly made where plaintiff presents only name of person served, without other evidence establishing, inter alia, that he was in charge of the business); see also Trzcinski v. Prudential Property and Casualty Ins. Co., 409 Pa.Super. 114, 118, 597 A.2d 687, 689 (Pa. Super. 1991) (service on receptionist for legally-independent law firm is not valid against defendant corporation).

## II. The Amount Of Interest And Costs Sought By The Plaintiff

Plaintiff has filed herewith the December 4, 2006 Affidavit of Joseph Roth in support of his motions for entry of default judgment. Attached to this affidavit are the seven invoices at issue in this action. Each of these invoices states "TERMS NET 60" and has an "Invoice Due Date" which provides that payment shall be due 60 days from the date of the invoice date. The earliest due date is June 19, 2005, and the latest due date is August 12, 2005.

To simplify matters, Plaintiff requests that the Court award it prejudgment interest from August 12, 2005, the date by which interest began to accrue on the full amount claimed by Plaintiff. Plaintiff further seeks interest at the statutory rate of 12% pursuant to Rhode Island

---

[1] It should be noted that subsequent investigations have established that Nicassio is no longer operating at the Old Freeport Road address, and no other address for the Corporation has been located. Young Aff., ¶ 12. Mr. Kuenzig has been located, however, and although he has confirmed that he was an employee of Nicassio, he refused to give his title. Young Aff., ¶ 13. These facts are, of course, consistent with a corporation that it is not now an active operation, despite the fact that it owes its creditor Lantor amounts in excess of $239,000. Because the facts set forth in the Young Aff. are sufficient to establish the validity of service, Lantor should not be put to the additional expense and inconvenience of subpoenaing and deposing Mr. Kuenzig in Pittsburgh.

law. Fratus v. Republic W. Ins. Co., 147 F.3d 25, 30 (1st Cir. 1998) citing R.I. Gen Laws § 9-21-10). Accordingly, Plaintiff calculates that as of December 15, 2006, interest in the amount of $38,528.70 has accrued on the amount claimed by Plaintiff, with interest accruing at the per diem rate of $78.63.[2]

Respectfully submitted,

LANTOR, INC.

By its attorneys,

/s/ Heath Comley
Heath Comley (No. 3932)
One Ship Street
Providence, RI 02903
Telephone: (401) 331-5505
Facsimile: (401) 331-6110
comleylaw@yahoo.com

Dated: December 15, 2006

Of Counsel:

Lawrence M. Kraus
Andrew K. Goldstein
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

---

[2] Interest was calculated as follows. Lantor claims $239,160 in damages. At an annual interest rate of 12%, the *per diem* interest is $78.63 ($239,160 x .12 = $28,699.20, divided by 365 = $78.63). August 12, 2005 to December 15, 2006 is a period of 490 days. Thus interest has accrued as of December 15, 2005 in the amount of $38,528.70 (490 x $78.63 = . $38,528.70).